IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AMERIPRISE FINANCIAL SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil No.:08 C 50081 |
| vs. | ) ) | Judge Philip Reinhard |
| DONNA QUAM, | ) ) | Magistrate Judge P. Michael Mahoney |
| Defendant. | ) ) | |

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, plaintiff Ameriprise Financial Services, Inc. ("Ameriprise Financial") respectfully requests that the Court issue injunctive relief against Defendant Donna Quam ("Quam") pending a decision by an arbitration panel of FINRA on Ameriprise Financial's motion for a preliminary injunction. In support of this motion, Ameriprise Financial relies on its Complaint, as well as the accompanying Affidavits of Kim Wilson, Kirk Osborne, Ron Malstaff, Dina Malstaff and Plaintiff's Memorandum In Support Of Motion For Temporary Restraining Order, and also states as follows:

1. Ameriprise Financial has filed and is serving Defendant Quam with the Complaint, which is incorporated into this motion by this reference.

2. As stated in the Complaint, Quam is a former Ameriprise Financial employee who, since she left Ameriprise's employment on April 18, 2008, has engaged in a pattern of deceptive conduct by soliciting her former clients at Ameriprise Financial through a series of blatant misrepresentations.

3. Quam's actions not only breach her written agreement with Ameriprise Financial, but the misrepresentations directed at Ameriprise Financial's clients violates the Illinois Deceptive Trade Practices Act, 815 ILCS 510, et seq.

4. Quam has shown her propensity to violate and continues to violate her contractual duties to Ameriprise Financial and engage in fraud on Ameriprise Financial's clients despite written warnings from Ameriprise Financial. As discussed in the accompanying Memorandum, unless Quam is enjoined from soliciting and defrauding Ameriprise's clients, Ameriprise Financial will be irreparably harmed.

5. Because Quam's conduct may cause Ameriprise Financial to permanently lose clients, Ameriprise Financial has no adequate remedy at law.

6. Ameriprise Financial merely seeks to enjoin Quam from engaging in conduct that violates her contractual obligations, the Illinois Deceptive Trade Practices Act and Illinois common law. With an injunction in place, Quam is still free to earn a livelihood by working with Brewer Investment Group or any other employer. Accordingly, greater injury will be inflicted on Ameriprise Financial by the denial of its request for immediate injunctive relief than would be inflicted on Ameriprise Financial by the granting of the requested relief. The requested injunction will not impose any burden on Quam that she is not already legally obligated to maintain.

7. An attempt is being made to serve the Complaint and this motion with supporting memorandum on Quam. In any event, Ameriprise Financial asks that a temporary restraining order be entered to preserve the status quo.

WHEREFORE, Ameriprise Financial respectfully requests that the Court issue the attached Injunction Order enjoining and restraining Quam, her agents, servants, employees,

4852-3729-5874.1

99999-0678/LEGAL14260403.1

officers, representatives, successors and assigns, and all persons, firms, and corporations acting in connection or participation with her on or her behalf, from:

    A.    Encouraging inducing or attempting to induce any Client or prospective business or client to terminate an agreement with Ameriprise Financial;

    B.    Encouraging, inducing, or attempting to induce any Client or prospective business or client to terminate, surrender, redeem, or cancel any action related to Products & Services acquired or ordered from or through Ameriprise Financial;

    C.    Soliciting any Clients that Quam contacted, serviced or learned about while operating under the Franchise Agreement to open an account other than an Ameriprise Financial account or to sell any investment, financial or insurance products or services other than through Ameriprise Financial; or

    D.    Engaging in acts of unfair competition, including disparaging Ameriprise Financial, its affiliates, employees, advisors, and Products & Services or providing false information to Ameriprise Financial clients.

Respectfully submitted,

AMERIPRISE FINANCIAL SERVICES, INC.

Dated: May 12, 2008

By _____/s/ Craig T. Boggs
One of Its Attorneys

Eric D. Brandfonbrener
(ebrand@perkinscoie.com)
Craig T. Boggs
(cboggs@perkinscoie.com)
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559

Edward B. Magarian #208796
(Magarian.Edward@dorsey.com)
Alene R. Grossman #0387708
(grossman.alene@dorsey.com)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Plaintiff Ameriprise Financial Services, Inc.